**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**COLE TOMAS ALLEN,**<br>　　　　　　　**Defendant.** | **Case No.**<br><br><br><br>**Filed Under Seal** |

**GOVERNMENT'S MOTION TO SEAL COMPLAINT, RULE 41 SEARCH WARRANT, AND RELATED DOCUMENTS**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed and the defendant is presented in District Court, the Affidavit in Support of Criminal Complaint, Criminal Complaint, and Arrest Warrant in the above-captioned matter, as well as the accompanying Rule 41 Search Warrant for a buccal swab and related materials, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion. In support thereof, the Government states as follows:

1.    The United States is investigating violations of 18 U.S.C. § 1751(c) (Attempt to Assassinate the President of the United States); 18 U.S.C. § 924(b) (Transportation of a Firearm & Ammunition in Interstate Commerce with Intent to Commit a Felony); and 18 U.S.C. § 924(c)(1)(A)(iii) (Discharge of a Firearm during a Crime of Violence), committed by **COLE TOMAS ALLEN**.

2.    The Affidavit in Support of Criminal Complaint and the Affidavit in Support of the Rule 41 Search Warrant reference evidence gathered during the investigation, in furtherance of the crime.  The public disclosure of the Government's evidence could compromise the integrity of the

investigation.  Additionally, limited sealing is warranted to ensure the safe and orderly transfer of the defendant to District Court for presentment on Monday, April 27, 2026.

3.    As stated in *Washington Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings.  But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'"  *Id.* at 290 (quoting *Oregonian Pub. Co. v. United States Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990)).

4.    In this matter, the United States has a compelling interest in preserving the integrity of its investigation and presenting the defendant without incident.  A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrant and the Rule 41 Search Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

5.    Furthermore, the United States respectfully submits that complying with the normal notice requirements of *Washington Post* would defeat the purpose of the motion to seal.  Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest her.  Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Complaint and Arrest Warrant.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant, the Affidavit in Support of Criminal Complaint, the Affidavit in Support of the Rule 41 Search Warrant and related materials, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

Date: April 27, 2026

Respectfully submitted,

  */s/ Jocelyn Ballantine*
Jocelyn Ballantine
Assistant United States Attorney
CA Bar 208267
Assistant United States Attorney
601 D Street, NW, 5-102
Washington, D.C. 20530
(202) 252-7252
Jocelyn.Ballantine2@usdoj.gov