## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | 26-MJ-80-MJS |
| COLE TOMAS ALLEN | : | |

### EMERGENCY MOTION TO PERMIT CONTACT LEGAL VISIT

Cole Tomas Allen, through undersigned counsel, respectfully requests this Honorable Court order the Department of Corrections at the D.C. Jail and its staff to permit counsel to visit with Mr. Allen in a manner that is consistent with his right to counsel under the Sixth Amendment.

### ARGUMENT

"Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive for it affects his ability to assert any other rights he may have." *United States v. Cronic*, 466 U.S. 648, 654(1984) (quotation marks omitted). *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."). Indeed, "[i]f no actual 'Assistance' 'for' the accused's 'defense' is provided, then the constitutional guarantee has been violated." *Cronic*, 466 U.S. at 654.

In addition, "[i]t is well established that an accused does not enjoy the effective aid of counsel if he is denied the right of private consultation with him." *Coplon v. United States*, 191 F.2d 749, 757 (D.C. Cir. 1951). *See Nordstrom v. Ryan*, 762 F. 3d 903, 910 (9th Cir. 2014) (citing *Adams v. Carlson*, 488 F.2d 619, 631 (7th Cir. 1973) ("A criminal defendant's ability to communicate candidly and confidentially with his lawyer is essential to his defense. In American criminal law, the right to privately confer with counsel is nearly sacrosanct.")).

Despite the guarantees of the Sixth Amendment, DOC staff have refused Mr. Allen the opportunity to communicate with counsel in a way that protects the confidentiality owed to him.

1

On April 28, 2026, undersigned counsel attempted to meet with Mr. Allen ahead of the detention hearing set for tomorrow, April 30, 2026.  Counsel initially were forced to wait for nearly an hour for unknown reasons.  Despite then being told that they would be able to meet with Mr. Allen in a private attorney room—as is routine and required for confidential and privileged communications—DOC staff informed counsel that they would have to meet in what is essentially a public location.  Specifically, Mr. Allen was forced to sit inside of a locked cage in full, five-point restraints, and speak over a phone—of which there is only one—to be able to confer with counsel.  Counsel were forced to sit in an open, lobby area with jail staff and other attorneys standing nearby who could overhear the entirety of counsel's side of the conversation.  When counsel asked for an explanation, Captain Haynie advised that it was "administrative" at the "direction of the Warden."  Counsel asked if the requirement was related to anything that Mr. Allen did or said while in DOC custody, and Captain Haynie replied in the negative.

Counsel's inability to have a privileged and confidential conversation with Mr. Allen is an obvious and grave violation of his rights under the Sixth Amendment. *See Coplon* 191 F.2d at 757. Moreover, members of the defense team were required to share one hand-held device with low quality audio that requires elevated voices to hear.  This type of meeting with Mr. Allen falls well short of what the Constitution guarantees to every defendant.  The absurdity of an initial attorney/client meeting in front of correctional staff and unrelated attorneys had no stated purpose and was characterized as merely "administrative."  As the Court is aware, the D.C. Jail has housed many high-profile defendants.  But none—to counsel's knowledge—have been denied this essential right in the manner counsel experienced on April 28.  *See e.g.*, Nancy Vu, *D.C. Jail[] Visit*, Politico: Congress Minutes (Mar. 24, 2023, 5:11 PM) https://www.politico.com/minutes/congress/03-24-2023/dc-jails-visit/ (last visited Apr. 29, 2026)

(quoting an observation from a member of Congress that compared to "general D.C. inmates," the "Jan. 6 defendants [were] occupying 'suites'" and received better access to certain resources).

Counsel has reached out to the general counsel and two members of his staff. General Counsel Towns and Deputy General Counsel Shannon are both out of the office. Records Officer Obebe responded that he learned that a legal visit was conducted yesterday. Counsel responded, describing the non-confidential circumstances of that visit and have not yet heard a follow-up response. Counsel has also requested that the DOC provide a position as to its position on any restrictions proposed by the DOC. Counsel have yet to receive a response.

## CONCLUSION

While the government has dozens of law enforcement officers and prosecutors working on its behalf, Mr. Allen has thus far been deprived of an initial confidential meeting with his attorneys. The prejudice to his defense grows with every passing hour. Mr. Allen therefore respectfully requests the Court order the D.C. Department of Corrections to permit him unfettered access to contact legal visits in a private attorney-client room.

Respectfully Submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER
    /s/
_____
TEZIRA ABE
EUGENE OHM
Assistant Federal Public Defenders
625 Indiana Ave. N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500
