

U.S. Department of Justice

Jeanine Ferris Pirro
United States Attorney

*District of Columbia*

*Patrick Henry Building*
*601 D Street, N.W.*
*Washington DC, 20530*

Eugene Ohm
Tezira Abe
Attorneys for Cole Allen
Federal Public Defender, Distric of Columbia
625 Indiana Ave., N.W.
Washington, D.C. 20004

        Re:    *United States v. Cole Tomas Allen,* 26-mj-80

Dear Counsel:

     We are in receipt of your letter of today alleging that the government has made factual assertions that "appear to be either contradicted or at least somewhat undermined by statements by law enforcement."  ECF 14-1 at 1.  Your letter requests that we provide responses to you in advance of the detention hearing which is scheduled for tomorrow, April 30, at 11 a.m.

     With respect to your allegation that Acting Attorney General Todd Blanche has made statements that "indicate that the recovered ballistics evidence is inconsistent with aspects of the government's theory" (*id.*), we are unaware of any such statements.[1]

---

[1]   On April 27, 2026, the Department of Justice conducted a press conference where Attorney General Todd Blanche was asked by a reporter "Have you been able to determine whether the gunman fired shots and if so how many he fired and whose bullets hit the agent?" In response, Attorney General Blanche stated:

> We're still – we want to get that right.  We're still looking at that.  It appears and I don't want to overstate because we're still looking at this that there were five shots that law enforcement fired.  All the evidence is being examined very carefully and expeditiously and we'll know more soon.  We do believe as the complaint lays out that the suspect fired his shotgun.  But as far as getting into exacting ballistics I'm not going to do that today because it's still being looked at and finalized.

*Available at https://www.youtube.com/watch?v=a34rMl_hnGI (19:02 to 19:46).*

With respect to your specific requests for information, the government's investigation is ongoing and its analysis of the crime scene evidence and recovered ballistics evidence is not yet complete.

The evidence gathered and analyzed to date establishes that your client fired his Mossberg 12-gauge pump-action shotgun at least one time as he ran past the magnetometers on the Terrace Level of the Washington Hilton hotel on April 25, 2026.   When that weapon was recovered it had one spent cartridge case in the chamber which has been identified as having been fired in the Mossberg shotgun.

The government's preliminary ballistics and video analyses show that your client fired his shotgun in the direction of USSS Officer V.G., which Officer V.G. observed. Additionally, at least one fragment was recovered from the crime scene that was physically consistent with a single buckshot pellet; that fragment was recovered from a location at the scene consistent with your client firing his shotgun in the direction of Officer V.G.   The government is aware of no physical evidence, digital video evidence, or witness statements that are inconsistent with the theory that your client fired his shotgun in the direction of Officer V.G., or that Officer V.G. was indeed shot once in the chest while wearing a ballistic vest.   The government notes that the analysis of the ballistic vest and related materials is ongoing and not yet complete.

The government also recovered five spent 9mm Luger cartridge cases, each of which was determined to have been fired from Officer V.G.'s service weapon.   The government also identified five separate bullet holes in the walls opposite from Officer V.G., consistent with the directions that Officer V.G. fired his service weapon.   The government recovered no additional casings from the scene beyond your client's spent shotgun cartridge case and Officer V.G.'s five 9mm cartridge cases.

The preliminary analysis of the crime scene is consistent with the government's evidence that your client fired at least one shot from the 12-gauge pump action shotgun in the direction of Officer V.G., and that Officer V.G. fired his service weapon five times.

The government is aware of no evidence thus far collected and analyzed that is inconsistent with the above.

With respect to your client's specific targets or intended victims, your client is currently charged with 18 U.S.C. § 1751(c) (Attempt to Assassinate the President of the United States); he is not presently charged with committing crimes against any other individual.

The remainder of your letter requests Rule 16 discovery, including statements of your client, and all reports and records that are in the custody, control or possession of the government.   *Id.* at 3.   The D.C. Circuit has explained that "[a] pretrial detention hearing ... is neither a discovery device for the defense nor a trial on the merits." *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996).   Indeed, as then-Chief Judge Howell explained in *United*

*States v. Oseguera Gonzalez*, "[i]n addition to longstanding practice in this Circuit, nothing in the text of Rule 16 requires the government to produce discovery before a pretrial detention hearing, which often occurs [as it will in this case], less than a week after a defendant is arraigned.   No. CR 20-40 (BAH), 2020 WL 1065448, at *4 (D.D.C. Mar. 5, 2020), aff'd, 805 F. App'x 8 (D.C. Cir. 2020).

Sincerely,

JEANINE FERRIS PIRRO
United States Attorney


By:     /s/ *Jocelyn Ballantine*
        Jocelyn Ballantine
        Assistant United States Attorney
        (202) 252-7252

3